**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN FUNARO and<br>SHARON FUNARO,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND<br>CASUALTY COMPANY<br>and T.J. ORTMAN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-04 |

**MEMORANDUM ORDER**

Presently before the Court is the Motion for Reconsideration of this Court's Order of November 9, 2025 ("Motion for Reconsideration" or "Motion") and supporting brief, filed by Plaintiffs Stephen Funaro and Sharon Funaro ("Plaintiffs") on December 12, 2025. (Docket Nos. 20, 21). Defendant State Farm Fire and Casualty Company ("State Farm") filed a brief in opposition to Plaintiffs' Motion on January 5, 2026 (Docket No. 23), and Plaintiffs filed a reply on January 12, 2026 (Docket No. 25). In the Order that is the subject of Plaintiffs' Motion (the "Order"), the Court granted State Farm's Motion to Dismiss Plaintiffs' Complaint in part, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, and the Court dismissed, with prejudice, Counts I, II (to the extent it was brought against Defendant T.J. Ortman), III, and IV, finding that amendment of such claims would be futile. (Docket No. 19). In their Motion, Plaintiffs do not ask the Court to reconsider any of its rulings in regard to individual Defendant T.J. Ortman; instead, Plaintiffs request only that the Court reconsider its Order to the extent the dismissal of Counts I and III against State Farm was with

prejudice, such that Plaintiffs seek leave to amend their claims at those Counts. (Docket No. 21 at 2-3, 6).

The Court of Appeals for the Third Circuit has held that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, the party seeking reconsideration must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "To demonstrate clear error or manifest injustice, the United States Supreme Court mandates a 'definite and firm conviction that a mistake has been committed.'" *Buddy's Plant Plus Corp. v. CentiMark Corp.*, Civ. Action No. 10-670, 2014 WL 1317578, at *3 (W.D. Pa. Mar. 31, 2014) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *aff'd*, 604 F. App'x 134 (3d Cir. 2015).

As explained above, in their Motion for Reconsideration, Plaintiffs seek leave to amend their claims against State Farm at Counts I and III. In so requesting, Plaintiffs urge the Court to amend its Order to correct an error of law here because, although the issues of estoppel and/or tolling (in regard to State Farm's time limitation defense) were not pled in the Complaint, the Federal Rules of Civil Procedure did not require Plaintiffs to plead around such affirmative defenses. (Docket No. 21 at 5). Therefore, Plaintiffs request the opportunity to do so at this juncture.

State Farm opposes Plaintiffs' Motion for Reconsideration on procedural grounds, pointing

to two of this judicial officer's practices and procedures ("Chambers Rules") that Plaintiffs failed to abide by in filing their Motion.[1] (Docket No. 25 at 3). First, Plaintiffs did not file their Motion within the prescribed 7-day period after entry of the Court's Order, and second, Plaintiffs did not meet and confer with State Farm prior to filing their Motion. (*Id.*). State Farm also opposes Plaintiffs' Motion on substantive grounds, arguing that Plaintiffs' claims are facially time-barred based on the allegations in the Complaint, so the Court need not give Plaintiffs leave to amend here. (*Id.* at 4-6).

Upon review of the parties' arguments, the Court will grant Plaintiffs' request for leave to amend their claims at Counts I and III. First, Plaintiffs concede that they filed their Motion for Reconsideration twenty-three (23) days after entry of the Order at issue, even though Chambers Rules provide that any such motions should be filed within seven (7) days after entry of an order. (Docket No. 25 at 2). However, Plaintiffs profess that they inadvertently calendared the motion as being due within thirty (30) days. (*Id.*). As Plaintiffs indicate, Rule 6(b)(1) of the Federal Rules of Civil Procedure permits a court to extend time for good cause "after the time has expired if the party failed to act because of excusable neglect." (*Id.*). Furthermore, the Court is mindful that "[t]he Supreme Court has noted that 'excusable neglect' under Rule 6(b) is an 'elastic concept,' and the decision to grant an extension of time is an 'equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Ramos v. Quien*, 631 F. Supp. 2d 601, 609 (E.D. Pa. 2008) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 392, 395 (1993)). The United States Supreme Court has also explained that "determining what is 'excusable' requires weighing such relevant circumstances as 'the danger of prejudice . . .,

[1] The Practices and Procedures of Judge W. Scott Hardy may be accessed on the Court's website at https://www.pawd.uscourts.gov/sites/pawd/files/Hardy_Practices_Procedures_Effective_January_1_26_Updated_May_1_26.pdf.

the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (quoting *Pioneer Inv. Servs.*, 507 U.S. at 395).

Here, the Court notes first that decisions on the merits are generally favored over decisions based on procedure. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). Additionally, the filing delay in this instance was very brief, as Plaintiffs' Motion was filed only sixteen (16) days late. Furthermore, there should be little impact on the proceedings as an answer has yet to be filed in this matter, and the parties have only recently begun to engage in discovery (in accordance with their consent motion to begin discovery (Docket No. 26)). There is also no indication that Plaintiffs failed to act in good faith in filing their Motion for Reconsideration as they did. Accordingly, evaluation of these factors weighs greatly in favor of the Court considering Plaintiffs' Motion for Reconsideration on its merits, rather than denying it solely on procedural grounds.

Moreover, to the extent Plaintiffs did not expressly meet and confer with State Farm regarding their Motion for Reconsideration, as Chambers Rules require, Plaintiffs have attached to their reply brief an email showing they previously advised State Farm that they viewed the time-limitation affirmative defense as evidentiary in nature, and that they did not believe the issue should be raised in a Rule 12(b)(6) motion, but State Farm proceeded to file its motion to dismiss on such basis. (Docket No. 25 at 3 n.1). In light of the parties' earlier discussion, the Court will excuse Plaintiffs' failure to meet and confer with State Farm on the issue again before filing their Motion for Reconsideration.

Therefore, the Court will evaluate Plaintiffs' Motion for Reconsideration on its merits. The Court first notes that, although the statute of limitations is an affirmative defense, a limitations defense may be raised by a Rule 12(b)(6) motion if the bar is apparent on the face of the complaint.

*See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Plaintiffs assert that it was not apparent from the face of the Complaint that the matter here was time-barred, as insurers can be held to have estopped and/or waived their time limitations through their own conduct. (Docket No. 25 at 3). Although the Court remarked, in granting State Farm's Motion to Dismiss, that the allegations in the Complaint appeared to indicate that any delay in the request for an appraisal was caused by Plaintiffs' own contractor's delay, Plaintiffs note that they also averred in the Complaint that State Farm continued to administer the claim until September of 2024 (Docket No. 1-2, ¶ 25), further citing to State Farm's acknowledgement, on April 22, 2024, that Plaintiffs' claim had not yet been "finalized" and "[i]nspection of the stove [remained] pending" (Docket No. 25-1). Therefore, Plaintiffs request the opportunity to amend their allegations specifically in regard to the issue of estoppel. Upon careful consideration of the parties' arguments, the Court agrees that Plaintiffs should have the opportunity to do so.

As the Court finds that Plaintiffs are entitled to amend their claims at Counts I and III to address the pleading deficiencies identified by the Court in its Memorandum Opinion and Order of November 19, 2025, the Court will amend its Order at Docket No. 19 to the extent that Counts I and III will be dismissed without prejudice, and Plaintiffs will be granted leave to amend their claims at those Counts as set forth above.

Accordingly, the Court enters the following Order:

AND NOW, this 14th day of October, 2026, IT IS HEREBY ORDERED that Plaintiffs' Motion for Reconsideration of this Court's Order of November 19, 2025 (Docket No. 20) is GRANTED. Accordingly, the Court's Order (Docket No. 19) is hereby AMENDED to the extent that Counts I and III of the Complaint are DISMISSED WITHOUT PREJUDICE to amendment

of those claims to address the pleading deficiencies identified in the Court's Memorandum Opinion (Docket No. 18).

IT IS FURTHER ORDERED that Plaintiffs shall file an Amended Complaint, as set forth above, by **November 10, 2026**, in which case State Farm shall respond thereto by **December 8, 2026**. If Plaintiffs do not file an Amended Complaint by **November 10, 2026**, then Counts I and III of the Complaint will be dismissed with prejudice.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record